# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES D. WHEAT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) No. 4:06CV00874 ERW |
| | ) |
| CAMERON DANIEL, MARIE CLARK, | ) |
| CRANSTON MITCHELL, ROBERT | ) |
| NEWSOM, DONNA WHITE and | ) |
| DANA THOMPSON, | ) |
| | ) |
|     Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon review pursuant to 28 U.S.C. § 1915A. Title 28 U.S.C. § 1915A provides that the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States,* 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, an inmate at the Farmington Correctional Center (FCC), seeks monetary, declaratory and injunctive relief in this 42 U.S.C. § 1983 action against Cameron Daniel (function unit manager, Missouri Eastern Correctional Center), Marie Clark (Behavioral Science Institute), Cranston Mitchell (parole board chairman), Robert Newsom (parole board member), Donna White (parole board member) and Dana Thompson (parole board member). Plaintiff alleges that 1) the amendments to Missouri's conditional release statute are unconstitutional; 2) he had a liberty interest in the conditional release statute prior to amendment; 3) retroactive application of the amendment violates the ex post facto clause; 4) defendant Daniel submitted a "poor" report on plaintiff regarding his completion of the Missouri Sexual Offender Program (MOSOP), which resulted in repeated denials of parole; 5) at a parole hearing in 1998, defendant Newsom denied that there was any adverse information in plaintiff's file; 6) plaintiff's request for a second opportunity to complete MOSOP was denied by the parole board; and 7) plaintiff is not scheduled to begin MOSOP as the parole board stipulated but will be placed in Phase I of the program's two-phase program approximately four months past plaintiff's next and final parole hearing.

2

## Discussion

Plaintiff cannot maintain a §1983 challenge to the application of the amended parole statute unless his conviction or sentence is reversed, expunged, or called into question because, if he prevailed, "the result would necessarily imply the invalidity of his continued confinement." *See Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir. 1995) (per curiam); *see also Heck v. Humphrey,* 512 U.S. 477, 486-88, 114 S.Ct. 2364, 2372-73 (1994). Because a successful outcome would necessarily imply the invalidity of plaintiff's confinement, the complaint should be dismissed without prejudice. *See Schafer,* 46 F.3d at 45*; see also Preiser v. Rodriguez,* 411 U.S. 475, 489-90, 499-500, 93 S.Ct. 1827, 1841-42 (1973) (inmate challenging duration of his physical imprisonment must exhaust state remedies and petition for writ of habeas corpus under 28 U.S.C. § 2254); *Offet v. Solem,* 823 F.2d 1256, 1257 (8th Cir. 1987) (§ 2254, which requires exhaustion of state remedies, appropriate vehicle for state prisoners challenging length of confinement). Plaintiff's claims against individual defendants regarding his completion of the MOSOP amount to a claim that he is improperly being denied parole, which is also a claim that can be pursued only by means of a petition for writ of habeas corpus, prior to which he must exhaust his state remedies. *See Preiser*, 411 U.S. at 499-500, 93 S.Ct. 1827 at 1841-42.

As a final matter, the Court will deny as moot plaintiff's motion for leave for court order directing defendant Dana Thompson to provide address for three of the named defendants.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for court order directing defendant Dana Thompson to provide address for three of the named defendants [Doc. 2] be **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

So Ordered this 25th Day of July, 2006.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**