# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **CHARLES D. WHEAT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 4:06CV00874 ERW |
| | ) |
| **CAMERON DANIEL, MARIE CLARK,** | ) |
| **CRANSTON MITCHELL, ROBERT** | ) |
| **NEWSOM, DONNA WHITE and** | ) |
| **DANA THOMPSON,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon plaintiff's amended motion to alter or amend judgment [Doc. 11].

### Background and motion

On July 25, 2006, the Court entered its Order dismissing this action pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court determined that plaintiff's claims could not be pursued under 42 U.S.C. § 1983 but only through a petition for writ of habeas corpus, after exhaustion of state remedies, because he was challenging his continued confinement.

In plaintiff's motion for reconsideration, he contends that he is not seeking immediate or speedier release into the community. Rather, he states that he is challenging an adverse Missouri Sexual Offender Program (MOSOP) report in his parole file which was secretly considered by the parole board and which made him ineligible for serious parole consideration.

**Discussion**

In plaintiff's complaint, he sought, *inter alia*, to have the amendments to Missouri's conditional release statute declared unconstitutional, asserted a liberty interest in the conditional release statute prior to amendment and stated that the retroactive application of the amendment violated the ex post facto clause. Although the Supreme Court, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242 (2005), held that a 42 U.S.C. § 1983 claim is available for procedural challenges to parole proceedings where success ". . . *would not necessarily* spell immediate or speedier release, . . ." that exception does not apply to these claims because they are not merely procedural. *Wilkinson*, 544 U.S. at 81, 125 S.Ct. at 1247- 48 (emphasis in original).

If the Court declared MOSOP and other changes in Missouri's conditional release statutes to be unconstitutional, it would restore the provisions of the repealed statute establishing a 7/12ths or 9/12ths release date and, consequently, would shorten plaintiff's sentence. Plaintiff's challenges to the alleged ex post facto application of amendments to Missouri's conditional release statutes by the parole board are collateral challenges to his continued confinement and, accordingly, must be brought by way of a writ of habeas corpus.

However, plaintiff also asserts that there is false, negative information in his parole file and that, when he asked parole board members if there was any adverse information in his file, he was told that there was not. Plaintiff alleges that the parole board acted arbitrarily in considering such information and concealing it from him because he was, thus, effectively denied the opportunity to correct his parole file or timely to participate in and successfully complete MOSOP. The Court finds that, to this extent, plaintiff's challenge is procedural because success would not necessarily spell immediate or speedier release. Accordingly, upon reconsideration, the Court believes that plaintiff's allegations constitute a narrow basis for a constitutional claim for injunctive or declaratory relief to

correct information in his parole file. *See Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 308-09 & n. 13 (5th Cir. 1997).

Consequently, the Court now finds that it improvidently dismissed, prior to service of process, plaintiff's complaint as to the procedural challenge to the alleged false, negative information in his parole file. Accordingly, the Court will order that defendants respond to this claim.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's amended motion to alter or amend judgment [Doc. 11] be **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to alter or amend judgment [Doc. 10] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with the forms necessary to effectuate service of process on defendants. *See* Fed. R. Civ. P. 4.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall respond to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5 (standard prisoner actions).

So Ordered this 11th Day of August, 2006.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**