UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES D. WHEAT,                    )
                                     )
      Plaintiff,                   )
                                     )
vs.                                  )          Case No. 4:06CV00874 ERW
                                     )
CAMERON DANIEL, et al.,              )
                                     )
      Defendants.                  )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Cameron Daniel, Marie Clark, Steve

Long, Robert Newsom, Dana Thompson, Donna White, Valerie Lee, and Ellis McSwain's Motion

to Dismiss Plaintiff's Second Amended Complaint [doc. #158][1], Defendant's Request for

Production of Plaintiff for Examination and for Oral Argument [doc. #174], Plaintiff's Motion to

Compel Defendants Robert Newsom and Dana Thompson to Provide Plaintiff with his Discovery

Requests [doc. #152], Plaintiff's Motion for the Court to Order Defendants to Produce Evidence

they were Previously Ordered to Produce in this Case But Did Not [doc. #151], Defendant

White's Motion to Dismiss [doc. #143], Plaintiff's Motion Requesting that Four Defendants be

Served with Summons and Copy of the Third Amended Complaint by a United States Marshall,

Deputy United States Marshall, or Other Person or Officer Specifically Appointed by the Court

for that Purpose [doc. #130], Plaintiff's Motion for Leave to Amend the Current Four Claims

Against Defendants Daniel, Clark, Newsom, White, Thompson, Mitchell, Harry and Thorne; And

---

[1] Defendant Bruce Harry joined this Motion on April 15, 2008. Defendants Robin
Thorne, Michael Murphy, Ted Fertig, Ron Glazer, Barrett Dolan and Barbara Redford are not
party to this Motion, however, the Court's ruling, as discussed below, dismisses all of Plaintiff's
claims, including those claims against the Defendants who were not a party to this Motion.

Add Another Claim and Four Defendants to his Civil Rights Complaint [doc. #129], Plaintiff's

Motion to Compel Defendants Cameron Daniel and Cranston Mitchell to Cooperate in Discovery

[doc. #126], and Plaintiff's Motion to Compel Discovery [doc. #119].

## I.   BACKGROUND FACTS

Plaintiff is currently confined to the custody of the Missouri Department of Corrections

serving two concurrent 45 year sentences for the 1977 convictions of rape and a crime against

nature.  Individuals convicted of crimes of a sexual nature are required, under Missouri law, to

successfully complete the Missouri Sex Offender Program ("MOSOP Program").  The MOSOP

Program consists of two phases.  Plaintiff asserts that Defendant Daniel submitted a "poor" report

to the parole board, notwithstanding Plaintiff's successful completion of Phase II of the MOSOP

Program.  This report was placed in Plaintiff's parole file, and reviewed by the Board in

considering Plaintiff's eligibility for parole.  Plaintiff was eligible and subsequently denied parole

in 1990, 1992, 1998, and 2003.  It is Plaintiff's contention that each of these denials was a direct

result of Defendant Daniel's "poor" report that is a permeant part of Plaintiff's parole file.

## C.   THE 1993 ACTION:  *Wheat v. Daniel*, **4:93CV0190 SNL**

In the pending Motion, Defendants have provided the Court with a copy of the complaint

and other relevant documents from a lawsuit Plaintiff filed in 1993.[2]  The 1993 lawsuit was filed in

the Eastern District of Missouri, and was brought under 42 U.S.C. § 1983 against Cameron

Daniel ("Defendant Daniel"), Cranston Mitchell and Anthony Spillers.[3]  In § 1983 action, Plaintiff

---

[2] Defendants state that Plaintiff's 1993 Complaint was not available through PACER, and that to receive a copy of the Complaint, their counsel had to request a hardcopy from the National Archives and Records Administration facility in Lenexa, Kansas.

[3] Cameron Daniel is a defendant in the pending action.  Cranston Mitchell was a defendant in the pending action, but was replaced by Defendant Steve Long, the current Chairman of the Board of Probation and Parole on February 11, 2008.  Anthony Spillers has not been named as a

alleged that these "defendants violated his constitutional rights by: (1) forcing plaintiff to participate in [the MOSOP Program] before being eligible for parole; (2) submitting a poor written evaluation to the parole board; and (3) forcing plaintiff to participate in allegedly 'abusive' therapy sessions." *Wheat v. Daniel*, No. 4:93CV0190 SNL, slip op. at 1 (E. D. Mo. April 1, 1994).

In his 1993 Complaint, Plaintiff states that he successfully completed the MOSOP Program before August 1989, but "plaintiff's group therapist, [Defendant Daniel], instructed plaintiff that he wanted to meet with him four to five additional times, in order for him to complete his records regarding the plaintiff and his individual participation." Plaintiff then states that Defendant Daniel required him to attend many more than four or five additional meetings, and that he frequently missed appointments and kept Plaintiff waiting. Plaintiff states that after months of this treatment and after being laughed at by a guard, he stopped meeting with Defendant Daniel. Plaintiff states that in April 1990, about seven weeks after he stopped meeting with Defendant Daniel, he was asked by Defendant Daniel why he had stopped coming to their meetings. Defendant Daniel told him that "he was going to have to submit a negative report/evaluation to the Board concerning plaintiff's unwillingness to participate in the [MOSOP Program]" unless Plaintiff began meeting with him again. Plaintiff then went back to meeting with Defendant Daniel as a result of this threat.

Plaintiff's 1993 Complaint states that he was denied parole in August, 1990. After this denial, Plaintiff's wife met with the Chairman of the Board of Probation and Parole, Cranston Mitchell, to learn why Plaintiff was denied parole. Plaintiff's 1993 Complaint states that his wife was told "that the plaintiff had been given a 'poor' evaluation regarding his participation in the

defendant in the action pending before the Court.

3

[MOSOP Program], as stated by [MOSOP Program] therapist, Cameron Daniel." This lawsuit was dismissed on April 1, 1994 for failing to state a claim upon which relief could be granted. Plaintiff's subsequent Motion requesting leave to amend his complaint was denied on April 18, 1994. Plaintiff then appealed the dismissal of his claims to the Eighth Circuit, and the Eighth Circuit affirmed the dismissal.

**B.      *The 2004 ACTION: Wheat v. Daniel*, 04-6011-CV-SJ-FJG-P**

This lawsuit was filed in the Western District of Missouri, and in this suit, Plaintiff filed claims under 42 U.S.C. § 1983 against Cameron Daniel, Marie Clark, Cranston Mitchell, Robert Newsom, Donna White, Michael Nash, Ted Fertig, Robin Thorne and Valerie Lee.[4] On the complaint form Plaintiff used to file this action, he was asked, "[h]ave you begun other cases in state or federal courts dealing with the same facts involved in this case?" In response to this question, Plaintiff checked "No." Plaintiff signed his complaint, declaring "under penalty of perjury that the foregoing is true and correct."

In his Complaint, Plaintiff alleges that the August 2003 parole hearing was the first time that he learned of the negative report. This action was dismissed without prejudice on May 6, 2004, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff appealed this dismissal to the Eighth Circuit, but then filed a motion to dismiss his appeal. On August 29, 2005, Plaintiff filed a motion in the district court to set aside the judgment, and the district court denied Plaintiff's motion on September 8, 2005.

**A.      *THE PRESENT ACTION:  Wheat v. Daniel*, 4:06CV00874 ERW**

---

[4] With the exception of Michael Nash, all of these individuals have been named as Defendants in the suit currently pending before the Court.

In the pending action, Plaintiff alleges that Defendant Daniel submitted a "poor" report to the parole board, notwithstanding Plaintiff's successful completion of Phase II of the MOSOP Program. This report was placed in Plaintiff's parole file, and reviewed by the Board in considering Plaintiff's eligibility for parole. Plaintiff was eligible for, but was denied parole in 1990, 1992, 1998, and 2003. It is Plaintiff's contention that each of these denials was a direct result of Defendant Daniel's "poor" report that is a permeant part of Plaintiff's parole file. In his Complaint, Plaintiff states that he was first informed of the negative information in his parole file at his August 13, 2003 parole review.

The first page of the complaint form Plaintiff used in filing this action asks, "[h]ave you begun other civil actions in state or federal court dealing with the same facts involved in this action, or otherwise relating to your confinement?" Plaintiff checked the box indicating "yes" and stated that the previous suit was Case No. 04-6011-CV-SJ-FJG-P.[5] Plaintiff then signed the complaint, declaring "under penalty of perjury that the foregoing is true and correct."

## II.    DISCUSSION

The claims raised in this action deal with the same facts and legal issues that were raised in Plaintiff's 1993 Complaint and the lawsuit he filed in 2004. The complaint forms Plaintiff used in filing the this action and the 2004 action asked whether Plaintiff had brought other civil actions in state or federal court dealing with the same facts. In the action he filed in 2004, Plaintiff answered "no" to this question, and in the action currently pending before the Court Plaintiff checked the box indicating "yes" and listed his 2004 action. Plaintiff did not list the 1993 action in either the

---

[5] Case No. 04-6011-CV-SJ-FJG-P was filed on January 30, 2004 in the Western District of Missouri.

2004 or the pending complaint. Plaintiff signed both the 2004 Complaint and the Complaint in the pending action, declaring "under penalty of perjury that the foregoing is true and correct."

Upon review of Plaintiff's 1993 Complaint, the Court finds that Plaintiff perpetrated a fraud upon the District Court by stating in the 2004 action that he had never previously filed another civil action dealing with the same facts. *See Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007) (Courts "may take judicial notice of proceedings in other courts that related directly to matters at issue."). Plaintiff also perpetrated a fraud upon this Court when he did not inform the Court of his 1993 lawsuit. A pro se plaintiff who falsely states in their complaint that they haven't filed a previous lawsuit concerning the same facts has "perpetrated a fraud upon the district court by lying about having brought the same action previously." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). The Court notes that "Plaintiff's denial of filing any prior cases, coupled with his attempt to relitigate several of the same claims, is sufficient indication of malice to support dismissal of this action under § 1915(d)." *Horton v. Thomas* , 1996 WL 68013, at *2 (N.D. Il. Feb. 14, 1996).

Plaintiff's defense is that this action and the action filed in the Western District of Missouri do not deal with the "same facts," but instead the more recent suits contain "some of the same facts" or "similar facts" or "additional facts." Notwithstanding Plaintiff's attempt to finely parse the language on the complaint form, this argument fails. All three of these lawsuits were brought under 42 U.S.C. § 1983, and concern a negative report that Plaintiff alleges has denied him serious parole consideration. These lawsuits concern the same facts and the same alleged injury. Our rules are not designed to allow plaintiffs to conceal previous lawsuits by simply adding a few additional facts to each lawsuit. Plaintiff perpetrated fraud in his attempt to re-litigate his 1993 Complaint.

The Court also finds that Plaintiff perpetrated fraud when he falsely represented both his 2004 Complaint and the Complaint in the pending action when he learned of the negative report.[6] In these later two actions, Plaintiff alleges that the August 2003 parole hearing "was the first indication plaintiff received . . . that Daniel had possibly followed through with the foregoing threat of sending a 'poor' report on him to the Parole Board." This contradicts Plaintiff's 1993 complaint which states that his wife was informed of the negative report.

Defendants have also provided the Court with excerpts from Plaintiff's deposition. At his deposition, Defendants questioned Plaintiff on what inquiry he made after being denied parole in 1990. Plaintiff responded that his wife contacted Defendant Mitchell to learn "what was it that I needed to do or whatever. And he really just gave her - he just blew her off." This statement directly contradicts the statement in Plaintiff's 1993 Complaint that "Mitchell's response to her was that the plaintiff had been given a 'poor' evaluation regarding his participation in the [MOSOP Program]." The Court finds that Plaintiff perpetrated fraud at his deposition.

Courts possess inherent powers and may dismiss lawsuits "[w]hen a litigant's conduct abuses the judicial process." *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694 (8th Cir. 2001). "[S]triking a party's pleadings, thereby resulting in a default judgment, is within the range of appropriate sanctions when a party engages in a pattern of deceit by presenting false and misleading testimony under oath." *Id.* Plaintiff's nondisclosure of his previous lawsuit and incorrect statement of when he learned of the negative report "'go to the heart' of [his] claims in this lawsuit." *Id.* (*citing Shepherd v. American Broadcasting Cos.*, 62 F.3d 1469 (D.C. Cir. 1995). The Court finds that Plaintiff has engaged "in a pattern of deceit by presenting false and

---

[6] These misrepresentations allowed Plaintiff to avoid the tolling of the five year statute of limitations that applies to actions brought under 42 U.S.C. § 1983.

misleading testimony under oath." *Martin*, 251 F.3d at 694 (*citing Chrysler Corp. v. Carey*, 186 F.3d 1016, 1021 (8th Cir. 1999)).

The omissions and outright lies that are detailed above were calculated to avoid dismissal on § 1915 review and to prevent the Court, and Defendants, from being alerted to the fact that his claims are possibly barred by res judicata and the statute of limitations. Fed. R. Civ. P. 11 "forbids lying in pleadings, motion, and other papers filed with the court" and Fed. R. Civ. P. 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras v. Castro*, 465 F.3d 479, 484, 490 (11th Cir. 2006).

The Court has considered whether this action should be dismissed with or without prejudice, and finds that dismissal without prejudice is an appropriate sanction. "[D]ismissal with prejudice is a severe sanction that 'should be employed only when the district court, in the careful exercise of its discretion, determines that none of the lesser sanctions available to it would truly be appropriate." *Papas v. Baines*, 1992 WL 369917, at *3 (1st Cir. Dec. 16, 1992) (*quoting Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710 (1st Cir. 1977). The Court notes that dismissal without prejudice is common where plaintiffs are dishonest about their prior filing history. *See Gillilan v. Walker*, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998). However, the Court notes that Plaintiff's deception was not limited to dishonesty about his prior filing history, and accordingly will grant, in part, the injunction Defendants seek. In any future filings Plaintiff makes in the Eastern District of Missouri, Plaintiff must: (1) disclose all actions filed by Plaintiff in the Eastern or Western District of Missouri, and (2) disclose all actions filed by Plaintiff in any state or federal court concerning all Defendants named in the pending action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Cameron Daniel, Marie Clark, Steve Long, Robert Newsom, Dana Thompson, Donna White, Valerie Lee, and Ellis McSwain's Motion to Dismiss Plaintiff's Second Amended Complaint [doc. #158] is **GRANTED.** All of Plaintiff's claims are to be dismissed, **without prejudice.**

**IT IS FURTHER ORDERED** that in any future filings Plaintiff makes in the Eastern District of Missouri, Plaintiff must: (1) disclose all actions filed by Plaintiff in the Eastern or Western District of Missouri, and (2) disclose all actions filed by Plaintiff in any state or federal court concerning all Defendants named in the pending action.

**IT IS FURTHER ORDERED** that Defendant's Request for Production of Plaintiff for Examination and for Oral Argument [doc. #174] is **DENIED,** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Defendants Robert Newsom and Dana Thompson to Provide Plaintiff with his Discovery Requests [doc. #152] is **DENIED,** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Court to Order Defendants to Produce Evidence they were Previously Ordered to Produce in this Case But Did Not [doc. #151] is **DENIED,** as moot.

**IT IS FURTHER ORDERED** that Defendant White's Motion to Dismiss [doc. #143] is **DENIED,** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting that Four Defendants be Served with Summons and Copy of the Third Amended Complaint by a United States Marshall, Deputy United States Marshall, or Other Person or Officer Specifically Appointed by the Court for that Purpose [doc. #130] is **DENIED,** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend the Current Four Claims Against Defendants Daniel, Clark, Newsom, White, Thompson, Mitchell, Harry and Thorne; And Add Another Claim and Four Defendants to his Civil Rights Complaint [doc. #129] is **DENIED,** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Defendants Cameron Daniel and Cranston Mitchell to Cooperate in Discovery [doc. #126] is **DENIED,** as moot.

**IT IS FURTHER ORDERED** that and Plaintiff's Motion to Compel Discovery [doc. #119] is **DENIED,** as moot.

Dated this <u>30th</u> day of <u>June</u>, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE