UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES D. WHEAT,                    )
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )          Case No. 4:06CV00874 ERW
                                     )
CAMERON DANIEL, et al.,              )
                                     )
          Defendants.                )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Alter or Amend Judgment
[doc. #185].

I.      **BACKGROUND**

Charles D. Wheat ("Plaintiff") is currently confined to the custody of the Missouri
Department of Corrections serving two concurrent 45 year sentences for the 1977 convictions of
rape and a crime against nature. Individuals convicted of crimes of a sexual nature are required,
under Missouri law, to successfully complete the Missouri Sex Offender Program ("MOSOP
Program"). The MOSOP Program consists of two phases. Plaintiff asserts that Defendant Daniel
submitted a "poor" report to the parole board, notwithstanding Plaintiff's successful completion
of Phase II of the MOSOP Program. This report was placed in Plaintiff's parole file, and
reviewed by the Board in considering Plaintiff's eligibility for parole. Plaintiff was eligible and
subsequently denied parole in 1990, 1992, 1998, and 2003. It is Plaintiff's contention that each of
these denials was a direct result of Defendant Daniel's "poor" report that is a permanent part of
Plaintiff's parole file.

In a Memorandum and Order dated June 30, 2008, the Court found that Plaintiff perpetrated a fraud upon the District Court, and dismissed Plaintiff's claims without prejudice. Specifically, the Court found that Plaintiff filed an action in 1993 ("1993 lawsuit") dealing with the same facts as the pending suit ("2006 lawsuit") and a suit he filed in 2004 ("2004 lawsuit"). The Court found that Plaintiff perpetrated fraud when he failed to inform the Court of his 1993 lawsuit when he filed both the 2004 lawsuit and the 2006 lawsuit. The Court also found that Plaintiff perpetrated fraud when he falsely represented when he learned of the negative report in the Complaints he filed in both the 2004 lawsuit and 2006 lawsuit, and in his deposition testimony.

## II.     REQUEST FOR PRODUCTION

Plaintiff asks that the Court order the production of a recording of a phone call between Plaintiff and his wife made after Plaintiff received the Motion to Dismiss that was filed in this action. Plaintiff asserts that this recording will prove his assertion that he simply forgot about the 1993 lawsuit. The Court finds that the April, 2008 conversation Plaintiff refers to is simply not relevant. The conversation cannot prove Plaintiff's state of mind when he made the relevant misrepresentations to the Court in his 2004 lawsuit and 2006 lawsuit. Additionally, any such recording consists of inadmissible, self-serving hearsay. Plaintiff's request must be denied.

## II.     ALTER OR AMEND JUDGMENT

Motions for relief from a judgment may be brought as a motion alter or amend judgment under Fed. R. Civ. P. 59(e) or as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b). Motions under these rules "are analyzed identically," the only difference between them being that Fed. R. Civ. P. 59(e) only allows relief from judgments and only within a limited time period. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d

930, 933 n.3 (8th Cir. 2006). The pending Motion may be appropriately considered under both Fed. R. Civ. P. 59(e) or 60(b).

## A.    *FED. R. CIV. P. 59(e)*

Fed. R. Civ. P. 59(e) "motions serve the limited role of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (*quoting Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). District courts have "broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Id.* Plaintiff's Motion is based on his assertion that he forgot about his 1993 lawsuit. This assertion cannot succeed under Fed. R. Civ. P. 59(e) because Plaintiff does not claim that the Court made an error of law or fact, and because he does not present any newly discovered evidence.

## A.    *FED. R. CIV. P. 60(b)*

Fed. R. Civ. P. "60(b) is an extraordinary remedy and will be justified only under exceptional circumstances." *Prudential Ins. Co. of America v. National Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (internal citation omitted). Additionally, relief under Fed. R. Civ. P. 60(b) is only available in limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Even assuming that Defendant's assertion that he forgot about his 1993 lawsuit should be considered a "mistake" under Fed. R. Civ. P. 60(b)(1), this claim must still fail because Defendant has not shown that any exceptional circumstances exist.

## III.    CONCLUSION

Courts possess inherent powers and may dismiss lawsuits "[w]hen a litigant's conduct abuses the judicial process."  *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694 (8th Cir. 2001).  The Court finds that Plaintiff has engaged "in a pattern of deceit by presenting false and misleading testimony under oath."  *Martin*, 251 F.3d at 694 (*citing Chrysler Corp. v. Carey*, 186 F.3d 1016, 1021 (8th Cir. 1999)).  Plaintiff's allegation that he forgot about his 1993 lawsuit is not sufficient for relief under Fed. R. Civ. P. 59(e) or 60(b), and the Court will not grant Plaintiff's request for production.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment [doc. #185] is **DENIED.**

Dated this <u>18th</u> day of <u>July</u>, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE